## STATE v. THOMPSON.

1. EVIDENCE—REPLY.—It is proper to admit in reply, with offer to defendant to reply, evidence which should have been offered in chief but which was ruled out because witness was thought disqualified, which was afterwards found incorrect.
2. CRIMINAL LAW—SELF-DEFENSE.—Law of self-defense correctly stated in the charge of the Judge.

Before ALDRICH, J., Greenville, July, 1903.   Affirmed.

Indictment against Isadore Thompson.   From sentence, defendant appeals.   The charge as to self-defense is as follows:

"Self-defense is the next grade I will call your attention to.   Self-defense is based upon, predicated and built upon the theory of necessity.   It is allowed to a man when it is necessary for him to strike to save his life, or to protect his person from serious bodily harm.   When does the right to self-defense come to a man?   He has to show you, in the first instance, that it was when he was at the time without legal fault in bringing about the difficulty.   If he brought it about and is in legal fault in causing trouble, he cannot plead self-defense, because the foundation of self-defense is based upon the rock of necessity.   Self-defense comes to a man when he is attacked, assaulted and some effort is being made which endangers his life or suffering serious bodily harm. It does not come to a man before he is attacked or assaulted, nor it does not remain with him after the danger is over; it comes to him when he is assaulted and goes when danger is over; it comes to him when he is assaulted and he honestly believes, in order to save his life from danger, or his person from serious bodily harm, that he must meet the attack with force to save his life.   That is the first degree, and the second degree is this: If you, gentlemen of the jury, believe a man of ordinary courage and firmness would have formed the conclusion in this case as the testimony shows that the

defendant acted upon, if so, he has made out his plea of self-defense. You catch the idea. Self-defense comes to a man when he is attacked and he honestly believes that it is necessary for him to resort to force in order to save his life or his person from serious bodily harm, and he does it—that is self-defense. The law adopts some rule to go by, and that is the rule the law adopts to go by—the ordinary man. And you, gentlemen, are intelligent men, and it is for you to say whether or not an ordinary man would have been excusable or justifiable in acting as the testimony shows that the defendant acted? That is a question of fact for you. Self-defense rests upon the rock of necessity. If a man is assaulted and he believes that his person is in jeopardy, and he, by some safe and easy manner, can avoid taking the life of his assailant, then the law says that he must adopt that safe and easy manner; but the law is, that he is not bound to retreat or seek to avoid difficulty, if by so doing he would increase his danger, because if he is acting in self-defense he can do anything and everything necessary to save his life.

"Now, gentlemen, when the defendant sets up the plea of self-defense, he takes upon himself the burden of proof, not as the State is required to do to prove its case of guilt of the defendant beyond a reasonable doubt, but by the preponderance of the testimony—the greater weight of the testimony. That is sufficient, and he is entitled to any reasonable doubt growing out of the testimony in the whole case."

*Messrs. Blythe & Blythe* and *Jas. I. Earle,* for appellant. The former cite: *As to admission of evidence in reply:* 5 Strob., 36; 58 S. C., 46.

*Mr. Townsend, Assistant Attorney General,* contra (oral argument).

March 1, 1904. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. The appellant was convicted

of the murder, with a recommendation to mercy, of one Arch Sullivan, at the July term, 1903, of the Court of General Sessions for Greenville County, and thereafter duly sentenced to an imprisonment for life in the State penitentiary. The testimony tended to show that the deceased, upon a promise of marriage, had accomplished the ruin of defendant's daughter. During the progress of the trial and while the State was offering testimony in chief, the State offered one G. F. Spann as a witness. The defendant objected to this witness on the ground that he was incompetent as a witness, having been convicted of the crime of burglary. The Circuit Court sustained the objection. After the defense had completed its testimony, the State again offered this witness on the ground that it was a mistake of fact that said G. F. Spann had been convicted of burglary. The Circuit Judge reversed his ruling denying the right of the prosecution to use this witness. The defense objected to this testimony, not because the witness, G. F. Spann, had been convicted of burglary, but upon the ground that it was too late to hear the testimony, as the defense could not procure testimony in reply. The Court had ruled that the defense should have the right to fully reply to this witness. The Court, as before stated, ruled the testimony competent in chief, even if the defense had closed its testimony. He then testified. The defense alleges that this was error, and made this the first ground of appeal.

After the Judge's charge upon murder, manslaughter and self-defense, the defense requested him to charge as follows: "Even if the jury believe from the evidence that the defendant did have ill will or malice towards the deceased before and at the time of the killing, yet if they further believe that the defendant killed the deceased not because of the malice, but to save himself from death or great bodily harm, he could still avail himself of his plea of self-defense in spite of such malice, and if, therefore, the jury believe from the evidence that he has established such plea by the preponderance of the evidence, then the verdict should be 'not guilty.' "

The Circuit Judge refused to charge such request, and said: "I think I have charged fully on that question." This is made the second ground of appeal.

We will now pass upon these two grounds of appeal in their order.

1. It is clear to our minds that the Circuit Judge made no error as here presented. Suppose the Circuit Judge had erred in refusing to allow one of defendant's witnesses to be examined after the State had fully gone into its evidence in reply to the defense, and then for the first time the Court became conscious of his error, ought he not to have allowed defendant's witness to be examined? Clearly so. Courts are organized to dispense justice, and when such Courts find that *they* have made mistakes in refusing to admit competent testimony, they should at once admit such testimony. There are numerous decisions in our State sustaining such conclusions. The case of *State v. Jaggers,* 58 S. C., at page 46, 36 S. E., 434, does not contravene this rule, for in the case just cited, the late Chief Justice McIver said in that case, when one Wilson had been allowed to testify after the close of the testimony for the defense, "It does not appear in this case as prepared for argument here, or from the supplement found in the argument of the solicitor, that the defendant had offered any testimony to which the testimony of the witness, Wilson, could in any sense be regarded as a reply. Nor does it appear at any part of the record before us that the testimony of Wilson tended to contradict anything testified to by the defendant * * * This testimony, while no doubt competent, if it had been offered by the State when developing its testimony in chief, when the defendant would have had an opportunity to contradict or explain it, was clearly incompetent in reply, for it was not in reply to any testimony adduced by the defendant." In the case at bar, the State, or prosecution, had in its testimony in chief offered testimony to show threats by the defendant against the life of the de-

ceased, and the defense had replied to this testimony. This exception is overruled.

2. In reference to the second exception, it may be well to reproduce from the case of *the State* v. *McGreer,* 13 S. C., 466, what this Court says in regard to the plea of self-defense: "To make out a case of self-defense, two things are necessary: 1. The evidence should satisfy the jury that the accused actually believed that he was in such immediate danger of losing his life, or sustaining serious bodily harm, that it was necessary for his own protection, to take the life of his assailant. 2. That the circumstances in which the accused was placed were such as would, in the opinion of the jury, justify such a belief in the mind of a person possessed of ordinary firmness and reason. It is not a question which depends solely upon the belief which the accused may have entertained; but the question is, what was his belief, and under all the circumstances as they existed at the time the violence was inflicted, the jury think he ought to have formed such belief."

Now, this doctrine has been declared to be the law in this State repeatedly since it was announced. The charge of the Circuit Judge was in conformity with this ruling. The Reporter will set out that part of the charge of the Circuit Judge as found on pages 15 and 16, at folios 58, 59, 60, 61 and 62 of the "Case" for appeal. An inspection of so much of the charge of the Circuit Judge as referred to self-defense will be found to contain sound law. Sometimes it is hazardous to charge requests to charge in the exact language in which such requests are embodied. We do not think the Circuit Judge erred in refusing this request.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.